**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3064
_____

UNITED STATES OF AMERICA

v.

ANTONIO PAGAN
* CARLOS CEGLEDI, Appellant
*(Pursuant to Fed. R. App. P. 12(a))

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 5-08-cr-00247-001)
District Judge:  Honorable Edward G. Smith

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 3, 2018

Before:  JORDAN, RESTREPO and SCIRICA, Circuit Judges

(Opinion filed: August 27, 2018)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Carlos Cegledi appeals from an order of the United States District Court for the Eastern District of Pennsylvania, which denied his motion to unseal certain documents in Antonio Pagan's criminal case. We will vacate the District Court's order and remand for further proceedings.

I.

In 2009, Carlos Cegledi was convicted "of (i) attempt and conspiracy to distribute or to possess with intent to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and (ii) interstate travel in facilitation of attempted drug trafficking, in violation of 18 U.S.C. § 1952(a)(3)." United States v. Cegledi, 441 F. App'x 870, 872 (3d Cir. 2011). The conviction was based on Cegledi selling a substance to Antonio Pagan. Pagan was a government informant, and the substance, although it initially field-tested positive for methamphetamine, was later found not to contain any controlled substances. Cegledi was sentenced to 234 months in prison.

In August 2017, Cegledi filed a motion in his own criminal case "for leave to amend his Motion under 18 U.S.C. § 3582(c)(2) and Amendment 782, for two additional levels of sentencing reduction in light of Amendment 794 to the Sentencing Guidelines." (M.D. Pa. Crim. No. 08-cr-00218, Dkt. #472). Attached as an exhibit to his brief in support of the motion was a § 3582(c)(2) motion, bearing the date June 12, 2015. Judge Sylvia H. Rambo denied the motion to amend, stating that Cegledi had not previously filed any motions under § 3582(c)(2). (M.D. Pa. Crim. No. 08-cr-00218, Dkt. #475). The Court declined to consider the exhibit "as a previous request for relief under

2

Amendment 782." (M.D. Pa. Crim. No. 08-cr-00218, Dkt. #474). Cegledi's appeal from that order was docketed at C.A. No. 17-3015 and remains pending.

In the meantime, also in August 2017, Cegledi filed a "Motion to Unseal" in Antonio Pagan's criminal case, seeking to have that Court unseal documents related to Pagan's guilty plea "to support his Sentence Reduction request under 18 U.S.C. § 3582(c)(2) and Amendments 782 and 794." Dkt. #135. The Government filed a response, arguing that the motion was moot, because Judge Rambo had denied Cegledi's motion to amend, and that it was frivolous, because Pagan's plea had nothing to do with drug quantity attributed to Cegledi, or Cegledi's role in the offense. Judge Edward G. Smith denied the motion to unseal as moot. Cegledi's appeal from this order is at issue here.

## II.

We have jurisdiction under 28 U.S.C. § 1291. See In re: Newark Morning Ledger Co., 260 F.3d 217, 220 (3d Cir. 2001). We "exercise plenary review in determining whether the district court applied the proper legal principles . . . in unsealing" (or failing to unseal) a court document. United States v. Antar, 38 F.3d 1348, 1356-57 (3d Cir. 1994). We disagree with the District Court's decision to deny Cegledi's motion to unseal as "moot." First, Cegledi claimed that he needed the documents to support his § 3582(c)(2) motion; while his "motion to amend" had been denied by that time, his appeal in that matter was (and still is) pending. Second, whether or not Cegledi actually needed the documents to support his § 3582(c)(2) motion, he, as a member of the public,

3

could ask to see the documents—there is a First Amendment and common law right of access to judicial documents. See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). And "American [court] decisions generally do not condition enforcement of this right on a proprietary interest in the document or upon a need for it as evidence in a lawsuit." Id. The public's right to view judicial records and documents is generally quite broad. See United States v. Smith, 776 F.2d 1104, 1112 (3d Cir. 1985) (discussing indictments and informations and specifically considering bills of particulars); see also United States v. DeJournett, 817 F.3d 479, 485 (6th Cir. 2016) (public right to documents generally extends to plea agreements).

However, the right to inspect judicial documents is not absolute, and the District Court very well may have legitimate reasons for keeping Pagan's plea documents under seal. See, e.g., Nixon, 435 U.S. at 598 ("Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."); Fed. R. Crim. P. 49.1 (comment) (stating that sealed plea agreements indicating cooperation should "not be included in the public case file"); Smith, 776 F.2d at 1113-14 (order prohibiting public access to portion of document listing unindicted co-conspirators was proper). But here the District Court did not indicate that it considered any justifications for keeping the documents sealed—it simply said that the request was moot. See DeJournett, 817 F.3d at 485 (right to access plea agreement may be abridged "only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest")

4

(quoting <u>Press-Enterprise v. Superior Court</u>, 464 U.S. 501, 510 (1984)) (internal

quotation marks omitted).  The matter thus will be remanded to allow the District Court

to explain whether the documents should remain sealed.[1]

---

[1] We grant Appellee USA's motion to file an ex parte, sealed supplemental appendix because the appendix contains the materials that Cegledi seeks to obtain in his motion to unseal.  We will allow the District Court to decide in the first instance whether those materials should be made public, and we express no opinion on the merits of Cegledi's motion to unseal.  In light of our disposition of the appeal, we deny as moot Cegledi's motion to be brought into this Court for appropriate proceedings.